# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1286

_____

United States of America

*Plaintiff - Appellee*

v.

John Stone

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 3, 2013
Filed: September 6, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

John Stone, who was found incompetent to stand trial on a felon-in-possession charge, was committed to the custody of the Attorney General for a period of hospitalization at the United States Medical Center for Federal Prisoners in Springfield, Missouri, for further evaluation and a determination whether Stone's

release would be dangerous. Stone now appeals from the order of the District Court[1] committing him under 18 U.S.C. § 4246, which provides for a person's indefinite commitment to the custody of the Attorney General for hospitalization and treatment in a suitable facility, unless state placement is available, if the person is found–by clear and convincing evidence after a hearing–to be suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

We review a § 4246 finding of potential dangerousness for clear error. See United States v. Steil, 916 F.2d 485, 488 (8th Cir. 1990). Here, mental health professionals determined that Stone, who was diagnosed with a bipolar-type schizoaffective disorder, scored in the moderate-to-high range on assessments designed to measure his risk for future violence; that he had a history of alcohol and drug problems, removal from his biological parents prior to age sixteen, psychiatric hospitalizations prior to age eighteen, childhood fire-setting, and juvenile and adult criminal behavior; and that he had active paranoid delusions. Because Stone additionally was inconsistent in taking his medication and did not believe he was mentally ill, the mental health experts unanimously opined that he was potentially dangerous within the meaning of § 4246 as a result of his mental illness if unconditionally released to the community. We conclude that the District Court's order, premised in part on this evidence, was not clearly erroneous. See United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002).

---

[1]The late Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

Accordingly, we affirm. We also grant counsel's motion to withdraw, subject to counsel informing Stone about procedures for seeking rehearing or filing a pro se petition for certiorari.

_____